Suzanne M. Saia (sm2824)
Law Office of Steven G. Fauth, LLC
Attorney for Plaintiff Kevin Cronin
40 Wall Street, 28th Floor
New York, New York 10005
(212) 400-7154

JUDGE FORREST

13 CIV 6578

RECEIVED
SEP 17 2013
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FETCH, NYC INC.,

              Plaintiff,

      -against-

ALLSTATE INSURANCE COMPANY and
KEVIN SCHAEFER,

             Defendants,
------------------------------------------------------------x

Civil Action No.:

## COMPLAINT

Plaintiff Fetch, NYC Inc. by its attorneys, Law Office of Steven G. Fauth, LLC, as and for her complaint against defendant, alleges upon information and belief, as follows:

### Nature of Action

1. This is an action by plaintiff Fetch, NYC Inc., a business, against Allstate Insurance Company ("Allstate"), its insurer, for breach of contract and a declaratory judgment against Allstate declaring that it has duty to provide insurance coverage for a Hurricane Sandy loss suffered by Fetch, under a certain policy of insurance issue to it by Allstate.

2. This is also an action against Kevin Schaefer, an Allstate agent, for negligence and breach of duty in failing to procure the proper insurance for Fetch.

### Parties, Jurisdiction and Venue

3. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Plaintiff Fetch, NYC Inc. ("Fetch" or "plaintiff") is a domestic business corporation authorized to conduct business in the State of New York with an address located at 85 South Street, New York, NY 10038.

5. Defendant Allstate is a foreign corporation authorized to do business in the State of New York with its principal place of business at 2775 Sanders Road, Northbrook, Illinois, 60062-6127.

6. Allstate is a "Write Your Own" insurer under the National Flood Insurance Act 42 U.S.C. §§ 4001 *et. seq.* and 44 C.F.R. §§ 62.23 to 62.24.

7. Defendant Kevin Schaefer ("Schaefer") is an individual residing in the State of New York.

8. The Court has subject matter jurisdiction over this action as it arises under a policy of insurance issued under the National Flood Insurance Act 42 U.S.C. §§ 4001 *et. seq.* and 44 C.F.R. §§ 62.23 to 62.24, which policy by its terms required that the action against Allstate be brought in Federal District Court.

Facts

9. On or about February 1, 2012, plaintiff Fetch Inc. requested a policy of insurance to insure their business property located at 85 South Street, New York, NY 10038 ("the property") against flood and other damage from defendant Schaefer.

10. Schaefer is an employee of Allstate.

11. Schaefer is an authorized agent of Allstate.

12. Schaefer was advised at the time of the Fetch's request for insurance that Fetch specially wanted a flood policy to cover its business property as required by the Small Business Administration from which Fetch was seeking a loan.

2

13. Allstate knew, through Schaefer and through other means, and Schaefer knew that Fetch specifically requested a policy that would cover its property from flood damage.

14. Subsequently, Schaefer obtained and Allstate issued pursuant to the National Flood Insurance Program, a Standard Flood Insurance Policy titled, "Residential Condominium Building Association Policy, insuring the property against Flood damage and other loss bearing policy number 4803632881 with effective dates February 1, 2012 through February 1, 2013 ("the policy").

15. Fetch paid all premiums due and owing on the policy.

16. The policy was in full force and effect on October 28, 2012.

17. On or about October 28, 2012, Fetch suffered damage to the business property as a result of a Flood and Hurricane Sandy that plagued the County of New York, State of New York ("the loss").

18. On or about October 28, 2012 or shortly thereafter Schaefer and Allstate were given timely notice of the loss by the Fetch.

19. For approximately one and a half months, Allstate investigated and adjusted the loss.

20. During tits one and a half month period following the Flood, Fetch fully cooperated with Allstate in accordance with the policy terms.

21. In correspondence dated December 17, 2012, Allstate advised the Fetch that the loss was be covered because the damages suffered would be covered under another policy of insurance; namely, the Condo Associations Master Flood Policy.

22. Contrary to Allstate's position, Fetch is not insured under the Condo Associations Master Flood Policy.

23. Despite due demand therefore, Allstate has wrongfully refused to pay Fetch for their loss in violation of the terms of the policy.

24. Tits action involves a real case and controversy requiring a judicial determination of

the rights and obligations of the parties to the insurance contract.

### As and For the First Cause of Action Against Allstate
### (Declaratory Judgment)

25. Plaintiff Fetch repeats and realleges the allegations of paragraphs 1 through 24 hereof as if fully made and set forth herein.

26. Allstate waived its right to deny coverage under the policy.

27. Allstate's attempted denial of coverage for the loss was untimely as matter of law.

28. Allstate's purported denial of coverage for the loss is invalid as a matter of law.

29. Accordingly, plaintiffs are entitled to a judgment declaring Allstate is obligated to provide insurance coverage for all damages arising out the Flood, and such other and further relief as this court deems just and proper.

### As and For the Second Cause of Action Against Allstate
### (Breach of Contract)

30. Plaintiff Fetch repeats and realleges the allegations of paragraphs 1 through 28 above as if fully made and set forth herein.

31. Plaintiff has fulfilled the terms of their contract with Allstate.

32. Allstate's failure to pay Fetch for the loss to the business property under the policy constitutes a breach of contract.

33. As a result of Allstate's breach, plaintiff has been damaged in an amount to be proved at trial but not less than $250,000 (Two Hundred Fifty Thousand Dollars) and such other and further relief as this court deems just and proper.

### As and For the Third Cause of Action against Schaefer and Allstate
### (Failure to Procure)

34. Plaintiff Fetch repeats and realleges the allegations of paragraphs 1 through 34

thereof as if fully made and set forth herein.

35. Fetch specifically requested that Schaefer obtain a policy of insurance requested a policy that would cover its business property from flood damage.

36. Schaefer understood that Fetch wanted a policy of insurance that would cover its business property from flood damage.

37. Schaefer advised Fetch that it could obtain the policy of insurance requested that would cover its business property from flood damage.

38. Schaefer at no time informed Fetch that he could not provide the policy of insurance Fetch requested.

39. Fetch relied to its great detriment on Schaefer's representations that he could obtain the policy of insurance requested of him that would cover its business property from flood damage.

40. Schaefer's representations were material.

41. Fetch paid for the policy of insurance requested.

42. At the time of Schaefer's failure to procure insurance, he was acting within the scope of its employment with Allstate.

43. At the time of Schaefer's failure to procure insurance, he was acting as an agent of Allstate.

44. Allstate is responsible for the actions of Schaefer pursuant to the doctrine of *respondeat superior*.

45. As a result of defendants' actions set forth above, Allstate and Schaefer are jointly and severally liable for the damage to Fetch in an amount to be proved at trial but not less than $250,000 (Two Hundred Fifty Thousand Dollars) and such other and further relief as this court deems just and proper.

### As and For the Fourth Cause of Action against Schaefer and Allstate
### (Negligence)

46. Plaintiff Fetch repeats and realleges the allegations of paragraphs 1 through 46 thereof as if fully made and set forth herein.

47. Schaefer had a duty to obtain the policy of insurance requested by Fetch or advise Fetch of his inability to do so.

48. Schaefer understood that Fetch wanted a policy of insurance that would cover its business property from flood damage.

49. Schaefer advised Fetch that it could obtain the policy of insurance requested that would cover its business property from flood damage.

50. Schaefer at no time informed Fetch that he could not provide the policy of insurance Fetch requested.

51. Fetch relied to its great detriment on Schaefer's representations that he could obtain the policy of insurance requested of him that would cover its business property from flood damage.

52. Schaefer breached his duty to Fetch.

53. Schaefer's breach caused damages to Fetch.

54. At the time of Schaefer's negligence, he was acting within the scope of its employment with Allstate.

55. At the time of Schaefer's negligence, he was acting as an agent of Allstate.

56. Allstate is responsible for the actions of Schaefer pursuant to the doctrine of respondent superior.

57. As a result of defendants' actions set forth above, Allstate and Schaefer are jointly and severally liable for the damage to Fetch in an amount to be proved at trial but not less than

$250,000 (Two Hundred Fifty Thousand Dollars) and such other and further relief as this court deems just and proper.

**DEMAND FOR RELIEF**: Plaintiff Fetch, NYC Inc. demands judgment in its favor against Defendants Allstate Insurance Company and Kevin Schaefer in the sum of $250,000 (Two Hundred Fifty Thousand Dollars) and such other relief as the Court deems just and proper, along with costs and disbursements of tits action.

Dated: New York, New York
      September 13, 2013

                              Law Office of Steven G. Fauth, LLC

                              By: _____
                                  Suzanne M. Saia (sm2824)
                                  Attorneys for Plaintiff
                                  40 Wall Street, 28th Floor
                                  New York, New York 10005
                                  212-400-7154

```
Court Name: District Court
Division: 1
Receipt Number: 465401076968
Cashier ID: Clapsley
Transaction Date: 09/17/2013
Payer Name: STEVEN G. FAUTH LLC

CIVIL FILING FEE
 For: STEVEN G. FAUTH LLC
 Amount:         $400.00

CHECK
 Check/Money Order Num: 68
 Amt Tendered: $400.00

Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00

13CV6578(KBF)
```